UNITED STATES of America, Appellee,

v.

Sheila **WISHNEFSKY**, Appellant.

No. 93–3009.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 13, 1993.

Decided Oct. 29, 1993.

---

Joel M. Finkelstein, Washington, DC, argued the cause and filed the brief for appellant.

Barbara C. Grewe, Asst. U.S. Atty., Washington, DC, argued the cause for appellee. With her on the brief were J. Ramsey Johnson, U.S. Atty., John R. Fisher and Elizabeth Trosman, Asst. U.S. Attys., Washington, DC.

Before BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Sheila Wishnefsky was convicted of four counts of theft, in violation of 22 D.C.Code §§ 3811 and 3812(a), and of two counts of interstate transportation of stolen securities, in violation of 18 U.S.C. § 2314. The district court sentenced Wishnefsky to 21 months incarceration and ordered her to pay $10,000 in restitution. Wishnefsky appeals her sentence on the ground that the district court erred insofar as it considered conduct beyond the statute of limitations to be "relevant conduct" for the purpose of sentencing. For the reasons set forth below, we reject her argument.

## I. BACKGROUND

From 1968 to 1991 Wishnefsky worked as a secretary for the Police Association of the District of Columbia. As the PADC's only full-time employee, Wishnefsky worked with little supervision and performed many managerial duties, including keeping financial records and writing checks. In 1990, when Wishnefsky announced her intention of leaving, a retired police officer who undertook to computerize the PADC's record keeping system discovered that Wishnefsky had apparently received more than 26 biweekly paychecks in each year starting in 1980. This discovery formed the basis for the theft counts. From 1987 to 1990 Wishnefsky had deposited at least some of those checks in a bank account in Virginia; hence the interstate transportation counts.

At trial Wishnefsky maintained that she was entitled to the extra checks as overtime pay. Each of the police officers who had served as president of the PADC during the relevant time testified that he had not agreed (apart from a few specific instances not relevant here) to allow Wishnefsky to draw herself checks for overtime. The jury convicted Wishnefsky on all counts.

The limitation period for the federal charge, interstate transportation of stolen securities, is five years. *See* 18 U.S.C. § 3282. Hence, when Wishnefsky was indicted on May 14, 1992, it was on the basis of her conduct from 1987 through 1990. Drawing upon Wishnefsky's presentence report, however, the district court found that Wishnefsky's writing herself extra checks between 1980 and 1986 was "relevant conduct" within

the meaning of § 1B1.3 of the Sentencing Guidelines. As a result, the court found that Wishnefsky had stolen a greater sum than that for which she had been convicted, and increased her base offense level accordingly from 15 to 16. Wishnefsky's sentencing range, therefore, went from 18 to 24 months to 21 to 27 months, and the district court sentenced her to 21 months.

## II. ANALYSIS

■■ Wishnefsky argues that § 1B1.3 does not authorize a sentencing court to take account of otherwise relevant conduct that occurred outside the statute of limitations. Because Wishnefsky's argument poses a question of statutory interpretation, we review the district court's ruling *de novo*. *United States v. Mason,* 966 F.2d 1488, 1494 (D.C.Cir.1992).

Long before the advent of the Sentencing Guidelines the Supreme Court had made it clear that in sentencing "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). "Highly relevant—if not essential—to [the judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949). With that guidance in hand, we approved a sentence based in part upon information about the defendant's conduct prior to the statutory limitation period. *See United States v. Campbell,* 684 F.2d 141, 154 (D.C.Cir.1982); *see also United States v. Hansen,* 701 F.2d 1078, 1083 (2d Cir.1983); *United States v. Needles,* 472 F.2d 652, 655 (2d Cir.1973).

In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.,* 28 U.S.C. §§ 991–998, the Congress begat the Sentencing Commission, which begat the Sentencing Guidelines, which for the first time substantially cabined a judge's discretion in fashioning a sentence below the statutory maximum. The Congress gave no indication, however, that under the new regime the sentencing judge was to ignore any information that previously would have been deemed relevant, which is what Wishnefsky's argument implies. On the contrary, in the same Act the Congress (recodifying 18 U.S.C. § 3577 without change), provided:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. *See* S.Rep. No. 617, 91st Cong., 1st Sess. 167 (1969) (reporting out original § 3577, and approving the broad sentencing inquiry contemplated in *Williams v. New York, supra);* H.R.Rep. No. 1549, 91st Cong., 2d Sess. 63 (1970) (same).

Pursuant to the mandate of § 3661, the Sentencing Guidelines make express provision, under the rubric of "relevant conduct," for the sentencing court in determining the guideline range to consider the defendant's conduct beyond the offense of conviction. *See* § 1B1.3 (directing consideration of activity "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"). In determining the appropriate point within the guideline range, the sentencing judge may consider "any information concerning the background, character and conduct of the defendant." *See* § 1B1.4. At issue in this case is the scope of the information that can be deemed "relevant conduct" under § 1B1.3.

For the purpose of determining the base offense level in a case involving transportation of stolen property, "relevant conduct" is defined broadly in § 1B1.3(a)(2) to include "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." Two or more offenses are linked in a "common scheme or plan" if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi.*" Commentary Ap-

plication Note 9(a). Correlatively, Note 9(B) provides that multiple offenses are "part of the same course of conduct" if "they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses"; important in such an inquiry is the "degree of similarity of the offenses and the time interval between the offenses."

The notes following § 1B1.3 bespeak an inquiry unlimited by the constraints applicable to chargeability. Thus, Note 1 states that "the principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability." The Background Note is more specific: "Conduct that is not formally charged . . . may enter into the determination of the applicable guideline sentencing range."

Pursuant to this gloss upon § 1B1.3(a)(2), we have previously held that a sentencing court may consider the quantity of drugs involved in a count that was dismissed, *United States v. Salmon,* 948 F.2d 776, 778 (D.C.Cir.1991), as well as conduct underlying a count upon which the defendant was acquitted. *United States v. Boney,* 977 F.2d 624, 636 (D.C.Cir.1992). We have also approved the court's considering evidence that was seized in violation of the fourth amendment. *United States v. McCrory,* 930 F.2d 63, 67–69 (D.C.Cir.1991). (*McCrory, id.* at 69, leaves open the question whether evidence illegally seized in order to enhance a suspect's sentence may be barred from consideration at sentencing, in order to serve the deterrent purpose of the exclusionary rule.)

The sentencing court's taking account of conduct for which a defendant was not charged because it was beyond the limitation period fits comfortably into the framework created by the Guidelines and our prior decisions. In all such cases, the consideration of behavior outside the offense of conviction means that the sentence will, as the Guidelines intend, "reflect the full magnitude of appellant's culpability." *United States v. Scroggins,* 880 F.2d 1204, 1213 (11th Cir. 1989). Unlike a coerced confession or a conviction obtained in violation of the right to counsel, evidence regarding conduct beyond the statutory period is not presumptively unreliable. *See United States v. Lynch,* 934 F.2d 1226, 1235 (11th Cir.1991). Accordingly, a district judge presented with sufficient evidence of conduct beyond the statutory period may consider that conduct for sentencing purposes.

In this case it is clear that Wishnefsky's embezzlement during 1980–86 was relevant to the 1987–90 offenses for which she was convicted. In the terms of § 1B1.3, the earlier instances were "part of the same course of conduct or common scheme or plan" as the later activity for which she was convicted. Throughout the period 1980–90 Wishnefsky was taking money from the same victim, by means of the same *modus operandi.* Her drawing extra checks regularly over a ten year period amounts to a single criminal spree or at least a series of similar offenses committed at frequent intervals.

## III. CONCLUSION

The district court's consideration, for the purpose of sentencing, of the amount Wishnefsky stole prior to the indictment period, but for which she could not be charged because of the statutory limitation period, was appropriate under U.S.S.G. § 1B1.3(a)(2). Wishnefsky raises other arguments on appeal but they do not merit discussion in a published opinion. In all respects, therefore, Wishnefsky's conviction and sentence are

*Affirmed.*