**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rickey Edward MATTHEWS, Defendant–Appellant.**

**No. 96–3349.**

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1997.

Decided June 26, 1997.

---

Steven D. DeBrota, Victoria Ursulskis (argued), Office of the United States Attorney, Indianapolis, IN, for Plaintiff-Appellee.

Steven J. Riggs (argued), Indiana Federal Community Defenders, Inc., Indianapolis, IN, for Defendant-Appellant.

Before POSNER, Chief Judge, WOOD, Jr., and RIPPLE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Rickey Edward Matthews pled guilty to two counts of making material false statements to a federal agency, a violation of 18 U.S.C. § 1001. The two counts were based on false statements from March of 1991 and March of 1992, but those statements were part of a continuing course of conduct dating back to 1978. The sole issue on appeal is whether the district court erred in considering acts from beyond the statute of limitations as relevant conduct in determining Matthews' sentence. We affirm.

I

Matthews served a tour of duty in Vietnam with the U.S. Army and received an honorable discharge in 1971. In 1973, Matthews suffered injuries in a motorcycle accident and qualified for a Veterans Administration (VA) non-service connected pension. This pension is meant to supplement gainful employment and, as such, is reduced based on the veteran's annual income. Every year a veteran receiving the pension must submit an application form to the VA listing his or her annual income from employment.

In 1979, Matthews received a warning from the VA about failing to list his wife's income on the application form. Matthews responded with a letter stating that he understood the requirement and would list all income on future forms. However, Matthews was employed between 1978 and 1992. He worked at Tuchman Cleaners from 1978 to 1986, at Union Station from 1986 to 1991 and at Central Hardware from 1991 to 1992. He did not report any of that income over these fourteen years, and thus continued to receive the full pension.

Matthews was charged with two counts of making material false statements to a federal agency based on forms filed in 1991 and 1992. He pled guilty and the district court calculated the total overpayment at $108,407 based on the relevant conduct from January 1, 1978 to June 1, 1992. Matthews objected, maintaining that the loss should be $28,179 strictly from the false statements submitted within the statute of limitations. Because Matthews was indicted in March of 1996, the five-year statute of limitations would have excluded any acts prior to March of 1991. 18 U.S.C. § 3282. The district court held, however, that the statute of limitations does not

apply to relevant conduct considered for sentencing and set the total loss at $108,407. The district court then sentenced Matthews to six months imprisonment and two years supervised release with the special condition of six months home detention—well within the statutory range for the two counts. He was also ordered to pay $28,179 in restitution, a fine of $3,000 and a $100 special assignment fee.

■ The district court's determination of the loss amount for sentencing is reviewed for clear error, but we review interpretations of the Sentencing Guidelines *de novo. United States v. Chevalier,* 1 F.3d 581, 585 (7th Cir.1993). Therefore, the district court's legal interpretation of the extent of relevant conduct is subject to *de novo* review. *United States v. Strozier,* 981 F.2d 281 (7th Cir. 1992).

## II

■ Matthews appeals the district court's sentence, suggesting the statute of limitations restricts what the court can consider as relevant conduct under U.S.S.G. § 1B1.3. He argues that if he cannot be held criminally accountable for the false statements dating back to 1978, then the court should not consider those in sentencing. There is, however, a difference between criminal accountability, based on offenses of conviction, and sentencing accountability, which considers a wider range of conduct. The history and notes of the Sentencing Guidelines show that courts are to consider much more than the offense of conviction in fitting the sentence to the crime and the criminal. This circuit has interpreted the Sentencing Guidelines broadly in the past and we see no reason to restrict sentencing considerations by the statute of limitations.

Although we have not addressed this issue directly, six other circuits have all held that relevant conduct should not be limited by the statute of limitations. *See United States v. Behr,* 93 F.3d 764, 765–66 (11th Cir.1996); *United States v. Silkowski,* 32 F.3d 682, 687 (2d Cir.1994); *United States v. Pierce,* 17 F.3d 146, 150 (6th Cir.1994); *United States v. Neighbors,* 23 F.3d 306, 310–11 (10th Cir. 1994); *United States v. Wishnefsky,* 7 F.3d

254, 256–57 (D.C.Cir.1993); *United States v. Lokey,* 945 F.2d 825, 840 (5th Cir.1991).

"Relevant conduct" is defined as "all acts and omissions ... that were part of the same course of conduct or common scheme or plans as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). To be part of a common scheme or plan the acts need only "be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi."* U.S.S.G. § 1B1.3, n. 9(A). To be part of the same course of conduct the acts only need to be "sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses...." U.S.S.G. § 1B1.3, n. 9(B). Matthews' annual false statements since 1978 and the resulting overpayment are clearly relevant conduct.

The Application Notes illustrate that relevant conduct does not focus on acts for which the defendant is criminally accountable. U.S.S.G. § 1B1.3, n. 1. Had Matthews been held criminally accountable for the conduct dating back to 1978 he could have faced a maximum sentence of up to seventy years rather than the range established by the two charged offenses. His punishment, after considering relevant conduct, is well within the statutory limits.

To support his argument, Matthews points to a footnote in *United States v. Martinson,* 37 F.3d 353 (7th Cir.1994) which says, "The district court disallowed approximately $7,500 because that transaction occurred in 1986 and, as such, was barred from consideration by the statute of limitation." *Id.* at 357 n. 1. This, however, was merely a factual note of the district court's actions. There was no comment on whether the actions were correct; it was not at issue. *Martinson* only holds that the district court properly applied the Sentencing Guidelines when it considered the loss amount from a dropped mail fraud count, indicating a broad interpretation of relevant conduct. *Id.* at 357.

Other cases in this circuit advocate a similarly broad interpretation of § 1B1.3(a)(2). We have viewed relevant conduct to include conduct germane to the charge that occurred

before, during and after the offense, *see United States v. Ritsema,* 31 F.3d 559, 567 (7th Cir.1994), and criminal activity for which the defendant was not charged. *See United States v. Salva,* 894 F.2d 225, 230 (7th Cir. 1990) corrected by 902 F.2d 483 (7th Cir. 1990). Relevant conduct can also include drugs for which the defendant negotiated but never produced. *See United States v. Garcia,* 69 F.3d 810, 820 (7th Cir.1995).

Furthermore, sentencing includes an appraisal of the defendant's criminal history. *See United States v. Williams,* 910 F.2d 1574, 1578 (7th Cir.1990). Assessing criminal history for sentencing differs from Matthews' case only in that Matthews' previous conduct did not result in a conviction. U.S.S.G. § 4A1.2.

The Sentencing Guidelines have struck a fine balance in the way sentences are determined. As we have interpreted relevant conduct broadly in the past to maintain that balance, we will not frustrate the district court's ability to fairly sentence by imposing the statute of limitations on the relevant conduct inquiry. The district court's sentence is affirmed.