

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-1999

# United States v. Stephens

Precedential or Non-Precedential:

Docket 99-5309

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"United States v. Stephens" (1999). *1999 Decisions.* Paper 330.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed December 28, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5309

UNITED STATES OF AMERICA

v.

DOLORES STEPHENS,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Criminal No. 98-cr-00662)
District Judge: Honorable Anne E. Thompson

Submitted Under Third Circuit LAR 34.1(a)
November 17, 1999

Before: ALITO and STAPLETON, Circuit Judges, and
FEIKENS, Senior District Judge.*

(Filed: December 28, 1999)

_____

* The Honorable John Feikens, United States District Court for the
Eastern District of Michigan, sitting by designation.

Faith S. Hochberg, United States
 Attorney
George S. Leone, Chief,
 Appeals Division
Elizabeth Ferguson, Assistant
 U.S. Attorney
970 Broad Street
Newark, New Jersey 07102

 Attorneys for Appellee

David E. Schafer, Assistant Federal
 Public Defender
22 South Clinton Avenue
Station Plaza #4, 4th Floor
Trenton, New Jersey 08609

 Attorney for Appellant

OPINION OF THE COURT

ALITO, Circuit Judge:

Dolores Stephens ("Stephens") pleaded guilty to Social
Security fraud in violation of 18 U.S.C. S 510(a)(2). In
determining her sentence under the Sentencing Guidelines,
the District Court calculated a base offense level. Relevant
conduct for the purpose of determining specific offense
characteristics used in calculating the base offense level
includes "all acts and omissions committed . . . by the
defendant . . . that occurred during the commission of the
offense of conviction." U.S. Sentencing Guidelines
S 1B1.3(a)(1)(A). As relevant conduct, the District Court
considered conduct that could not be charged because the
applicable statute of limitations period had expired.
Stephens contests the upward adjustment in her base
offense level that resulted from the inclusion of this
conduct.

Stephens's father, Junius A. Purcell, died on September
7, 1968. His wife, Cora Purcell, cashed benefit checks
issued in his name until her death on March 7, 1974. From
that date until September 3, 1995, Stephens, cashed 257

2

additional benefit checks issued in her father's name. In August 1995, the Social Security Administration made a home visit to check on Mr. Purcell, as he would have been 101 years old at that time. They soon discovered that Stephens had been collecting the benefit checks sent to her father.

The criminal information to which Stephens pled guilty charged her with fraudulently cashing 43 benefit checks. The rest of the fraudulent activity took place outside the statute of limitations, and so was considered only at sentencing. Stephens objects to the inclusion of the 214 checks cashed outside the statute of limitations period as relevant conduct in determining her sentence. Under U.S.S.G. S 2F1.1(a), the base offense level for fraud and deceit is six. Under S 2F1.1(b)(1), if the amount of the loss exceeds $2000, the base level is increased depending on the specific offense characteristics, viz., the amount of the loss. By considering all of the checks as relevant conduct, the District Court found that the amount of the loss was $133,340, resulting in an upward adjustment of seven levels to Stephens's base offense level under S 2F1.1(b)(1).

Before the advent of the Sentencing Guidelines, a district judge faced few limitations in determining a sentence:

> [A] trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose. It is also true that before making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.

United States v. Tucker, 404 U.S. 443, 446 (1972). The Sentencing Guidelines place many restraints on the sentencing process; however, it is still the case that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. S 3661. See also U.S.S.G. S 1B1.4.

Seven other courts of appeals have held that conduct that is not chargeable because the statute of limitations

has expired may be considered in determining the appropriate sentence under the Guidelines. See United States v. Silkowski, 32 F.3d 682, 688 (2d Cir. 1994); United States v. Lokey, 945 F.2d 825, 840 (5th Cir. 1991); United States v. Pierce, 17 F.3d 146, 150 (6th Cir. 1994); United States v. Matthews, 116 F.3d 305, 307 (7th Cir. 1997); United States v. Neighbors, 23 F.3d 306, 311 (10th Cir. 1994); United States v. Behr, 93 F.3d 764, 765-66 (11th Cir. 1996); United States v. Wishnefsky, 7 F.3d 254, 257 (D.C. Cir. 1993). We agree.

Stephens argues, however, that the District Court's finding regarding the 214 checks cashed outside the statute of limitations period was based on unreliable information. Stephens did not raise this objection before the District Court. Our standard of review, therefore, is plain error. See Fed. R. Crim. P. 52(b). In pleading guilty, Stephens admitted to cashing the checks during the entire period not covered by the statute of limitations, but she contends that in the period before the statute of limitations, she did not commit fraud. She claims that she was cashing the checks for a cousin whom she believed was authorized to receive the money. We reject this argument.

The Court adopted the factual findings in the Presentence Investigation Report. See Appellant's App. at 12. According to that Report, Stephens could not give an address or date of birth for the alleged cousin. See Presentence Investigation Report at 5. Stephens's son, Emerson White, said that he had never heard of any cousin, and that he did not believe his mother's story. See id. at 7. Stephens never provided any further information on the alleged cousin. She has not contested the information provided by her son, and she has not claimed that her son gave unreliable information.

For these reasons, the judgment of the District Court is affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

4