**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Johnie M. WILLIAMS, Defendant–
Appellant.**

**No. 99–10295.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 17, 2000

Filed June 29, 2000

John Lambrose, Las Vegas, Nevada, for the defendant-appellant.

Rimantas Rukstele, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: POLITZ,[1] REINHARDT, and HAWKINS, Circuit Judges.

1. Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit

POLITZ, Circuit Judge:

Johnie M. Williams pleaded guilty to one count of embezzlement within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 661, and one count of making false statements to a department of the United States in violation of 18 U.S.C. § 1001. The sole issue on appeal is whether in its sentencing calculations the district court erred in considering, as relevant conduct, acts which occurred beyond the statute of limitations. For the reasons assigned, we affirm.

## BACKGROUND

Williams was the secretary-treasurer of the American Federation of Government Employees, AFL–CIO, Union Local 1199, a labor union composed of active and retired civilian employees at Nellis Air Force Base and Indian Springs Air Force Base in Nevada. His duties included signing checks, maintaining the checking accounts, collecting dues, providing the union with monthly and yearly financial statements, and submitting yearly financial reports to the Department of Labor. Beginning on February 1, 1993 and continuing until October 11, 1996, Williams wrote 162 checks on the union account to himself, to cash, or to his creditors. All sums were converted to his personal use. To conceal his theft he entered false statements on the annual report to the Labor Department, stating there were no losses or shortages of funds or other property belonging to the organization, and understating the total amount of cash received. The embezzlement was discovered when the union's president was deemed ineligible to vote at a national union meeting because the chapter's dues had not been paid. When confronted, Williams admitted to stealing the funds. The total loss was $71,090.68.

A grand jury returned an indictment charging Williams with 162 counts of em-

Court of Appeals, sitting by designation.

bezzlement within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 661, and three counts of making false statements to a department of the United States, in violation of 18 U.S.C. § 1001. Williams pleaded guilty, under a written plea agreement, to one count of embezzlement and one count of making false statements to the Department of Labor, specifically reserving the right to appeal the amount of loss attributed to his relevant conduct and the resulting guideline range.

The applicable sentencing guideline for embezzlement, § 2B1.1, provides for determination of a defendant's base offense level by reference to the total amount of loss. In calculating Williams' sentence, the district court included the sum of $3,308.20, reflected in Counts 1 through 12 of the Indictment. These checks were written more than five years prior to the return of the indictment and, therefore, were beyond the applicable statute of limitations. Inclusion of these amounts resulted in an eight level increase in the base offense level, as the union's loss totaled in excess of $70,000.[2] Had the court not considered the disputed amounts, the total loss would have been less than $70,000, calling for only a seven level increase.[3] Williams objected, relying on the wording of the statute of limitations, and asserted that he could not be punished for checks written more than five years prior to the return of the indictment. The district court over-

ruled his objection, sentenced him to two concurrent terms of 366 days' imprisonment and three years' supervised release, and ordered restitution in the amount of $67,782.48.[4] Williams timely appealed.

## ANALYSIS

Williams does not dispute that the 12 checks at issue constitute "relevant conduct" as defined in the guidelines.[5] Accordingly, we need only consider whether the district court properly interpreted the guidelines to include consideration of the amount of the theft that occurred beyond the statute of limitations. Our review is *de novo*.[6]

Whether relevant conduct under U.S.S.G. § 1B1.3(a)(2) may include conduct barred from prosecution by the statute of limitations is an issue of first impression in this circuit. Eight other circuits have held that consideration of such conduct is permitted under the guidelines as consistent with the tradition of affording judges wide discretion in sentencing, and with Congress' directive that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[7] Consideration of time-barred conduct for purposes

---

2. U.S.S.G. § 2B1.1(b)(1)(I) (1998).

3. U.S.S.G. § 2B1.1(b)(1)(H).

4. The parties agreed that the amount of restitution should not include the contested sum. *United States v. Silkowski*, 32 F.3d 682, 690 (2d Cir.1994) (amount of restitution limited to losses directly attributable to conduct underlying the offense of conviction or to an amount expressly agreed upon in plea agreement).

5. "Relevant conduct" is defined as, "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2).

6. *United States v. Scarano*, 76 F.3d 1471, 1474 (9th Cir.1996); *United States v. Rose*, 20 F.3d 367, 371 (9th Cir.1994).

7. 18 U.S.C. § 3661. *See United States v. Stephens*, 198 F.3d 389, 390–91 (3d Cir.1999); *United States v. Matthews*, 116 F.3d 305, 307–08 (7th Cir.1997); *United States v. Behr*, 93 F.3d 764, 765–66 (11th Cir.1996); *United States v. Silkowski*, 32 F.3d 682, 687–688 (2d Cir.1994); *United States v. Neighbors*, 23 F.3d 306, 311 (10th Cir.1994); *United States v. Pierce*, 17 F.3d 146, 150 (6th Cir.1994); *United States v. Wishnefsky*, 7 F.3d 254, 257 (D.C.Cir.1993); *United States v. Lokey*, 945 F.2d 825, 840 (5th Cir.1991).

of enhancing a defendant's sentence is consistent with this circuit's prior cases interpreting broadly the relevant conduct provision, largely unrestrained by whether the defendant has been held criminally accountable for such actions.[8]

In the face of this overwhelming authority, Williams insists that inclusion of the embezzled amounts derived from conduct that occurred beyond the statutory limitations period results in punishment for that conduct and, thus, violates the express and unambiguous terms of the statute.[9] He further contends that the commentary to the relevant conduct provision which states, "[t]he principles of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability,"[10] is not an explicit provision that would except application of § 3282. We find this contention to be without merit.

 It is now firmly established that "where the legislature has authorized such a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction."[11] In the case at bar, the maximum term of imprisonment Williams could have received under either 18 U.S.C. § 661 or § 1001 was five years. The sentence imposed is well within the authorized range and is an appropriate punishment for the offense of conviction. In addition, the contention Williams advances is directly contrary to the express mandate of 18 U.S.C. § 3661 as quoted above.

 We therefore join our sister circuits and hold that a district court may consider as relevant conduct for sentencing purposes actions which may be barred from prosecution by the applicable statute of limitations.

The decision appealed is AFFIRMED.

---

**8.** *United States v. Lawrence,* 189 F.3d 838, 844–45 (9th Cir.1999) (permitting consideration of acts for which a defendant was acquitted); *United States v. Newland,* 116 F.3d 400, 404–05 (9th Cir.1997) (relevant conduct includes acts underlying a reversed conviction); *United States v. Fine,* 975 F.2d 596, 600 (9th Cir.1992) (upholding the inclusion of dismissed counts of indictment as relevant conduct).

**9.** The applicable statute of limitations provides:

Except as otherwise expressly provided by law, no person shall be prosecuted, tried or

punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed. 18 U.S.C. § 3282.

**10.** U.S.S.G. § 1B1.3, comment. (n.1).

**11.** *Witte v. United States,* 515 U.S. 389, 403–04, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *United States v. Watts,* 519 U.S. 148, 154–55, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997); *Lawrence,* 189 F.3d at 844–45 (citation omitted).