# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 01-2613

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FRANK L. BROWN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-CR-112-C-01—**Barbara B. Crabb**, *Chief Judge.*

ARGUED SEPTEMBER 19, 2002—DECIDED JUNE 27, 2003

Before CUDAHY, DIANE P. WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Officers executing a no-knock search warrant discovered over 2000 images of child pornography on Frank Brown's computer. Although Brown subsequently pleaded guilty to knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), he challenges here the district court's five-level increase of his base offense level for "distributing" child pornography under § 2G2.2(b)(2) of the Sentencing Guidelines. Brown also argues that the evidence retrieved pursuant to the warrant should have been suppressed because reasonable suspicion did not exist to justify the issuance of a no-knock warrant. We find the district court's appli-

cation of § 2G2.2(b)(2) to be proper because Brown's trading of images was appropriately considered to be "distribution." We also find that the district court did not err in denying Brown's motion to suppress because, under *United States v. Langford*, 314 F.3d 892, 894 (7th Cir. 2002), a violation of the knock and announce rule does not authorize the exclusion of the evidence. Therefore, we affirm.

## I. BACKGROUND

On several occasions in late 1999 and early 2000, an undercover New York State police officer entered an internet chat room under an assumed identity of a fifteen-year-old female. While online, the officer engaged in conversations with a person using the online nickname "ProudMom" who was subsequently identified as Frank Brown. During at least three of these conversations, Brown transmitted numerous images of minors engaged in sexually-explicit conduct to the officer. After tracing the messages to Brown, Special Agent Elizabeth Hanson of the United States Customs Service placed an undercover phone call to Brown's address, and Brown's wife told Hanson that their family owned five computers.

Based on this information, Hanson applied for a warrant to search Brown's residence and seize his computer software, computer files, and other evidence relating to child pornography. In the affidavit for the warrant, Hanson requested permission to enter the residence without knocking or announcing the officers' presence. The magistrate judge issued the warrant, including the no-knock provision.

When the warrant was executed, officers seized a computer that contained over 2000 sexually-explicit images involving minors. Brown was subsequently indicted for three counts of violating the Child Pornography Preven-

tion Act of 1996, 18 U.S.C. § 2251 *et seq.* In one of several pretrial motions, Brown moved to suppress evidence from the search claiming that the no-knock search warrant violated the Fourth Amendment. The magistrate judge determined that although he erred in authorizing the no-knock entry, the officers acted in good faith when they relied upon the warrant. The district court adopted the magistrate judge's report and recommendation and denied Brown's motion to suppress.

Brown then pleaded guilty to knowingly possessing matters that contained visual depictions of child pornography under 18 U.S.C. § 2252A(a)(5)(B), and agreed to forfeit his interest in the computer equipment and materials containing child pornography. At Brown's sentencing hearing, his attorney admitted that Brown had traded pornographic images, although not on a one-for-one basis and not for commercial purposes. When determining his sentence, the district court, among other things, enhanced his base-level offense by five levels after determining that Brown's trading qualified as "distribution" under § 2G2.2(b)(2) of the Sentencing Guidelines. Brown was sentenced to 60 months' imprisonment, a three-year term of supervised release, and a $100 criminal assessment. Brown appeals.

## II. ANALYSIS

In the district court and in his brief, Brown argued that portions of the Child Pornography Prevention Act violate the First Amendment under the reasoning of *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 257 (2002) (holding that the statute's ban on "virtual" child pornography was overbroad). At oral argument, however, Brown's counsel admitted that images of actual children were involved in Brown's case and announced that he is not continuing to pursue this issue. Therefore, we move di-

rectly to the two issues remaining in his appeal: the issuance of a no-knock warrant and the application of the Sentencing Guidelines.

### A. No-knock search warrant

Brown first claims that the district court erred in denying his motion to suppress the evidence seized from his residence because the officers improperly obtained and relied upon a no-knock warrant. It goes without saying that the requirement that officers knock and announce before entering a home is part of the protection against an "unreasonable" search or seizure guaranteed by the Fourth Amendment. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). Indeed, before a no-knock entry is justified, "the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of the evidence." *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). In this case, the magistrate judge relied on Officer Hanson's affidavit in authorizing a no-knock warrant. The request that the warrant issue with a no-knock provision was based on a description in the affidavit of commercial encryption products that allow a user to encrypt an entire hard drive by striking a single key. Brown argues that this fact does not provide any particular circumstances that justify a no-knock warrant in his case, and thus the no-knock warrant should not have been issued.

Unfortunately, Brown's argument is cut short by this court's recent decision in *United States v. Langford*. In *Langford*, this circuit held that a violation of the knock and announce rule "does not authorize exclusion of the evidence seized pursuant to the ensuing search." 314 F.3d at 894. Whether the Supreme Court will endorse this

conclusion remains to be seen; its decision to grant certiorari to review the Ninth Circuit's decision in *United States v. Banks*, 282 F.3d 699 (9th Cir. 2002), *cert. granted*, 123 S.Ct. 1252 (2003), places the issues raised in *Langford* squarely before the Court. Until the Supreme Court acts, however, we are bound by this circuit's opinion in *Langford* and therefore affirm the denial of Brown's motion to suppress.

## B.   Application of § 2G2.2(b)(2)

Brown also challenges the district court's application of a five-level increase in his base-level offense under § 2G2.2(b)(2) of the Sentencing Guidelines. Brown argues that the district court interpreted the term "distribution" too broadly and that his conduct does not fall within an accurate reading of that term. We review the district court's legal interpretations of the Sentencing Guidelines de novo. *See, e.g.*, *United States v. Matthews*, 116 F.3d 305, 307 (7th Cir. 1997).

Brown was sentenced under the 1998 version of the Guidelines, which provides that "if the offense involved distribution, increase by the number of levels from the table in § 2F1.1 corresponding to the retail level of the material, but in no event by less than five levels." U.S.S.G. § 2G2.2(b)(2).[1] Application Note 1 of § 2G2.2(b)(2) states that, with respect to this section, the term "dis-

---

[1]  In 2000, § 2G2.2(b)(2) was amended to provide for a five-level enhancement if the offense involves "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." *See* Guideline Amendment 592. Application Note 1 of the 2000 Guidelines explains that one example of a "thing of value" is "child pornographic material received in exchange for other child pornographic material . . . bartered in consideration for the material received."

tribution" "includes any act related to distribution for pecuniary gain, including production, transportation, and possession with intent to distribute." Brown argues that Application Note 1 means that in order to qualify as "distribution," an exchange must be made for pecuniary gain. Brown admits to "trading" images, but he claims that because the images he sent to others were not exchanged for commercial purposes, his activity was not "distribution."

In *United States v. Black*, 116 F.3d 198, 203 (7th Cir. 1997), this court took note of the fact that the description of "distribution" in Application Note 1 refers to "pecuniary gain" but also recognized that "pecuniary gain is a broad concept itself, and it does not exclude the possibility of swaps, barter, in-kind transactions, or other valuable consideration." This broad interpretation—that "distribution" requires an expectation of something valuable in return—is an entirely reasonable interpretation of § 2G2.2(b)(2). To decide otherwise, and limit its application to cases involving an exchange of money, would miss a great deal of economic activity that takes place through trades, barter, and other transactions.

Brown argues that *Black's* interpretation of "pecuniary gain" should be tempered by the facts of that case. While *Black* did affirm the lower court's decision to decline application of the enhancement, in that case the government stipulated that Black did not distribute pornography for "commercial purposes or monetary gain," *id.* at 200, and the court made clear that the distribution in that case was not for any kind of gain. *Id.* at 203. Here, no such stipulation exists, and the district court found that Brown actively bartered or exchanged child pornography in order to acquire more pornography. This falls within *Black's* description of "pecuniary gain," and was properly understood by the district court to be "distribution."

Our conclusion is further buoyed by holdings from other circuits that have applied the enhancement in similar or less compelling cases. *See, e.g.*, *United States v. Williams*, 253 F.3d 789, 792-93 (4th Cir. 2001) (holding that act of mailing pictures was sufficient to constitute "distribution"); *United States v. Probel*, 214 F.3d 1285, 1290-91 (11th Cir. 2000) (finding enhancement applied when defendant sent pictures over the internet, even when he received no benefit for the pictures); *United States v. Imgrund*, 208 F.3d 1070, 1072-73 (8th Cir. 2000) (explaining that enhancement is appropriate when a trade, barter, or exchange of images takes place); *United States v. Lorge*, 166 F.3d 516, 519 (2d Cir. 1999) (affirming enhancement when defendant exchanged pornographic images of children with others); *United States v. Laney*, 189 F.3d 954, 959-61 (9th Cir. 1999) (finding defendant who delivered child pornography in order to receive other pornography engaged in "distribution"); *United States v. Hibbler*, 159 F.3d 233, 237-38 (6th Cir. 1998) (holding that "distribution" included trading images over internet for other pornographic pictures); *United States v. Canada*, 110 F.3d 260, 263-64 (5th Cir. 1997) (deciding that enhancement was appropriate when defendant distributed pornographic materials as a way of enticing a minor to have sex with him).[2] Brown's trading of images was properly considered to be "distribution" by the district court, and his sentence was appropriately enhanced by five levels.

---

[2] Many of our sister circuits have gone beyond our holding here and have found that no pecuniary gain of any kind is required under § 2G2.2(b)(2). We do not adopt their reasoning today, but only find that, under the interpretation of "pecuniary gain" outlined in *Black*, Brown's trading constitutes "distribution."

### III.  CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
