**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Mark A. BAILEY, aka Seal B,
Defendant—Appellant.**

No. 02–50571.

D.C. No. CR–98–00043–AHS–2.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 6, 2003.

Decided Nov. 24, 2003.

---

8. Plea Agreement ¶ X.F.

Ronald L. Cheng, USLA–Office of the U.S. Attorney, Los Angeles, CA, Thomas S. McConville, USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Mark A. Bailey, Beverly Hills, CA, Jacob Lager, Law Offices of Jacob Lager, Los Angeles, CA, for Defendant–Appellant.

Before B. FLETCHER, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Mark Bailey appeals his jury conviction and sentence for willfully subscribing false tax returns in violation of 26 U.S.C. § 7206(1). Bailey argues that (1) the district court violated his Sixth Amendment right to compulsory process by allowing his co-defendant to assert her Fifth Amendment privilege against testifying, and that he was entitled to a continuance until his co-defendant was sentenced; and (2) the district court erred in applying a two-level upward adjustment under U.S.S.G. § 3B1.1(c) to Bailey's offense level for supervision of another's criminal activity. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm both the conviction and the sentence imposed.

Because the parties are familiar with the facts, we include here only those facts

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

necessary to explain our decision. During Bailey's trial, the district court conducted a hearing outside the presence of the jury, at which co-defendant Morgan asserted her privilege against compulsory self-incrimination. The court found her claim to be valid, and denied both Bailey's request for a continuance and his alternative request to compel a grant of use immunity for Morgan's testimony.

## I. Sixth Amendment right to compulsory process

A criminal defendant has a Sixth Amendment right to compulsory process for obtaining witnesses in his favor, but "[a]n accused's right to compulsory process to secure the attendance of a witness does not include the right to compel the witness to waive his fifth amendment privilege." *United States v. Moore,* 682 F.2d 853, 856 (9th Cir.1982) (citing *United States v. Trejo–Zambrano,* 582 F.2d 460, 464 (9th Cir.1978)).

We apply de novo review to Morgan's assertion of the Fifth Amendment privilege against compelled self-incrimination. *United States v. Rubio–Topete,* 999 F.2d 1334, 1338 (9th Cir.1993). For her assertion to be valid, she must be "confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination." *United States v. Apfelbaum,* 445 U.S. 115, 128, 100 S.Ct. 948, 63 L.Ed.2d 250 (1980) (internal citation and quotation marks omitted).

We conclude that Morgan faced a genuine possibility of self-incrimination if she testified at Bailey's trial. As a convicted but unsentenced defendant, Morgan retained her Fifth Amendment rights. *United States v. Paris,* 827 F.2d 395, 399 (9th Cir.1987). *See also Mitchell v. United States,* 526 U.S. 314, 119 S.Ct. 1307, 143 L.Ed.2d 424 (1999). Morgan had pled guilty to only one count of a two-count indictment. *See Moore,* 682 F.2d at 856;

*United States v. Valencia,* 656 F.2d 412, 416–17 (9th Cir.1981). Additionally, the plea agreement was binding only on the U.S. Attorney for the Central District of California, and did not protect Morgan from prosecution by a state authority, or by the Department of Justice outside of that district. Finally, the statute of limitations on the crimes charged is irrelevant to Morgan's Fifth Amendment privilege, because the district court "may consider as relevant conduct for sentencing purposes actions which may be barred from prosecution by the applicable statute of limitations." *United States v. Williams,* 217 F.3d 751, 754 (9th Cir.2000).

■ We review for plain error Bailey's claim, made for the first time on appeal, that Morgan waived her Fifth Amendment privilege in her plea agreement. *See Paris,* 827 F.2d at 398. We are unpersuaded by Bailey's argument. It is well-settled that a voluntary plea pursuant to a plea agreement "is a waiver of the fifth amendment privilege only in regard to the crime that is admitted; the defendant retains the right against self-incrimination as to any crimes for which [she] may still be prosecuted." *Moore,* 682 F.2d at 856.

The district court's decision to exclude testimony based on an anticipated invocation of the Fifth Amendment privilege is reviewed for abuse of discretion. *See United States v. Klinger,* 128 F.3d 705, 709 (9th Cir.1997). Since Morgan's claim of privilege was valid, the district court did not abuse its discretion, nor did it commit plain error, in finding that Morgan should not be called as a defense witness nor required to answer Bailey's questions.

■ The district court's denial of the motion for a continuance was not an abuse of discretion. *See, e.g., United States v. Rude,* 88 F.3d 1538, 1550 (9th Cir.1996). Bailey has not established that Morgan would have testified, or that any testimony

would have been favorable. *See United States v. Sukumolachan,* 610 F.2d 685, 687 (9th Cir.1980) (per curiam).

■ Similarly, the refusal to compel a grant of immunity to Morgan was not error. It is well-settled in this Circuit that an accused's Sixth Amendment right to compulsory process does not entitle him "to compel a prosecutor to grant immunity to a potential defense witness to get [her] to testify." *Trejo–Zambrano,* 582 F.2d at 464. The district court, on the other hand, can compel a grant of immunity only in limited circumstances, where such a measure is required by due process. *See United States v. Lord,* 711 F.2d 887, 890 (9th Cir.1983); *United States v. Westerdahl,* 945 F.2d 1083, 1086 (9th Cir.1991). Even if Morgan's testimony would have been relevant and non-cumulative, Bailey has failed to establish that the government violated due process by intentionally distorting the fact-finding process. No prosecutorial misconduct is present in this case: the government asserted correctly in the district court that Morgan's plea agreement was not binding on any authority other than the U.S. Attorney for the Central District of California, and Morgan decided to invoke her Fifth Amendment privilege on the advice of counsel. *See United States v. Duran,* 189 F.3d 1071, 1087 (9th Cir.1999). The district court did not err in refusing to compel a grant of use immunity.

## II. Two-level upward sentencing adjustment for supervision

■ The district court's factual determination that a defendant qualifies for a role adjustment is reviewed for clear error. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000). Although it is a close question, we conclude that the district court did not err in enhancing Morgan's sentencing under U.S.S.G. § 3B1.1(c), which provides for a two-level increase "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" not involving five or more participants, and that is not otherwise extensive.

In this case, Bailey directed Curtis to accept $310,000 in cash to purchase property, told him to place the money in escrow, and to spend it as instructed. On these facts, it was not clear error for the district court to find that Bailey supervised Curtis, and to impose the two-level enhancement.

**AFFIRMED.**