UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 31, 2006[*]
Decided June 2, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3405

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>    *v.*<br><br>DOUGLAS GREER,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 03 CR 759-1<br><br>Robert W. Gettleman,<br>*Judge.* |

**O R D E R**

Douglas Greer, a drug dealer in the Chicago area, pleaded guilty without the benefit of a plea agreement to one count of money laundering, 18 U.S.C. § 1956(a)(1)(B)(i), and one count of possession of a firearm by a felon, *id.* § 922(g)(1). At sentencing Greer argued that the probation officer should not have counted uncharged acts of money laundering as "relevant conduct" under the sentencing guidelines, *see* U.S.S.G. § 1B1.3, because the conduct was outside the statute of limitations and thus too old to be charged independently. The district court agreed

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

with Greer that the conduct was outside the statute of limitations but nonetheless rejected his argument that, on that basis, it could not constitute relevant conduct. The district court imposed a sentence of 57 months' imprisonment—a sentence at the bottom of the resulting guidelines range.

On appeal Greer again argues that conduct outside the statute of limitations cannot be considered relevant conduct and that, as a result, the guidelines range should be 46 to 57 months . He acknowledges that we, and every other circuit that has considered the issue, have previously resolved this question against him. *See United States v. Williams*, 217 F.3d 751, 754 (9th Cir. 2000); *United States v. Stephens*, 198 F.3d 389, 390-91 (3rd. Cir. 1999); *United States v. Valenti*, 121 F.3d 327, 334 (7th Cir. 1997); *United States v. Matthews*, 116 F.3d 305, 307-08 (7th Cir. 1997); *United States v. Behr*, 93 F.3d 764, 765-66 (11th Cir. 1996) (per curiam); *United States v. Silkowski*, 32 F.3d 682, 688 (2d Cir. 1994); *United States v. Neighbors*, 23 F.3d 306, 311 (10th Cir. 1994); *United States v. Pierce*, 17 F.3d 146, 150 (6th Cir. 1994); *United States v. Wishnefsky*, 7 F.3d 254, 257 (D.C. Cir. 1993); *United States v. Lokey*, 945 F.2d 825, 840 (5th Cir. 1991). Greer asks us to reconsider our previous decisions because the text of 18 U.S.C. § 3282(a) prohibits punishment for any offense outside the appropriate statute of limitations and, he continues, the increase in his offense conduct that resulted from the relevant conduct outside the statute of limitations constitutes punishment. But the Supreme Court has made clear that "'consideration of information about the defendant's character and conduct at sentencing does not result in 'punishment' for any offense other than the one of which the defendant was convicted.'" *United States v. Watts*, 519 U.S. 148, 155 (1997) (per curiam) (quoting *Witte v. United States*, 515 U.S. 389, 401 (1995)). Because Greer presents no new arguments, we decline to revisit our earlier decisions.

AFFIRMED.