**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David CALDERON, Defendant–Appellant.**

**No. 07–50309.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2008.*

Filed Feb. 7, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Michael J. Raphael, Esq., Cynthia Valenzuela, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Donald B. Marks, Esq., Marks & Brooklier, Los Angeles, CA, for Defendant–Appellant.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: HALL, GRABER, and BERZON, Circuit Judges.

## MEMORANDUM **

David Calderon pled guilty to filing a false document in an application for FHA-backed mortgage insurance, in violation of 18 U.S.C. §§ 1001 and 2. He acknowledged doing so as part of a scheme to defraud the government by selling a piece of property in Sunland, California, to a straw buyer, who later defaulted and forced the government to foreclose, resulting in a loss to the government of approximately $32,000. At sentencing, the district court concluded that Calderon's scheme had extended to 42 properties, costing the government approximately $1.9 million. It therefore increased Calderon's offense level by 12 points under U.S.S.G. § 2F1.1(b)(1)(M).

Calderon now appeals his sentence. He first contends that the government did not prove any loss amount by clear and convincing evidence. We disagree. The unchallenged presentence report and detailed supporting documentation showed that Defendant participated in a scheme involving fraudulent mortgage insurance applications on 42 properties, costing the government approximately $1.9 million. This evidence is clear and convincing. *See United States v. Romero–Rendon*, 220 F.3d 1159, 1163–65 (9th Cir. 2000) (holding that an unchallenged presentence report can be sufficient to prove

by clear and convincing evidence the facts necessary to support a sentence enhancement). Moreover, contrary to Calderon's suggestion, a court may consider evidence concerning dismissed counts in establishing the loss caused by a defendant's fraud, so the court did not err in doing so here. *See United States v. Fine,* 975 F.2d 596, 599–600 (9th Cir.1992) (en banc).

■ Second, Calderon contends the district court erred in considering losses caused outside the statute of limitations—that is, more than five years before his indictment. This contention is foreclosed by *United States v. Williams,* in which we held that "a district court may consider as relevant conduct for sentencing purposes actions which may be barred from prosecution by the applicable statute of limitations." 217 F.3d 751, 754 (9th Cir.2000). Calderon acknowledges this authority but contends it should not apply in cases in which the government must demonstrate an enhancement by clear and convincing evidence rather than by a mere preponderance.[3] This argument is unpersuasive. Although Calderon is correct that the government's burden in *Williams* was mere preponderance, this standard was irrelevant to *William's* holding, which rested on Congress' directive that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Thus, the government's burden of proof does not affect the conclu-

sion that sentencing judges may consider conduct outside the statutory period.

AFFIRMED.

---

**3.** The government's burden increases to "clear and convincing" when it argues for enhancements that have "an extremely disproportionate effect on the sentence imposed." *United States v. Staten,* 466 F.3d 708, 718 (9th Cir.2006). The government does not dispute that the "clear and convincing" standard applies here.

