NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2222
_____

UNITED STATES OF AMERICA

v.

JAMAL ANTHONY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 1-09-cr-00179-002
District Judge: The Honorable Sylvia H. Rambo

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 12, 2012

Before: SCIRICA, RENDELL, and SMITH, *Circuit Judges*

(Filed:  January 20, 2012)

_____

OPINION

_____

SMITH, *Circuit Judge.*

On or about April 2, 2009, Jamal Anthony, at the request of his friend

Brandon Wallace, distributed 13.3 grams of crack cocaine to Corey Dickerson, an

1

undercover officer with the Dauphin County Criminal Investigation Division. Thereafter, a two-count indictment charged Brandon and Anthony with distributing and possessing with the intent to distribute 50 grams of cocaine base and marijuana in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting the same in violation of 18 U.S.C. § 2 (Count I), and conspiracy to distribute five grams and more of cocaine base in violation of 21 U.S.C. § 846 (Count II).

Anthony maintained his innocence and proceeded to trial. The government presented, *inter alia,* the testimony of Officer Dickerson, who identified Anthony as the person from whom he purchased the crack cocaine, Detective Jason Paul, who conducted the surveillance video, and Anthony's co-conspirator Wallace. Near the end of the government's case-in-chief, the defense moved for a judgment of acquittal on Count I because the government had not adduced any evidence to show that Anthony had distributed 50 grams or more of cocaine. The Court noted that the "jury could find less than that." Defense counsel acknowledged as much, but urged the Court to dismiss the charge to the extent it alleged that 50 grams or more had been distributed. The government acceded to that request, but asked for a finding of five grams or more. The Court granted the motion. Thereafter, the defense presented two witnesses. No rebuttal was offered. The jury found Anthony guilty on Count I with respect to the distribution of cocaine base of five grams or more, and the conspiracy offense charged in Count II. At sentencing, the Court granted a one-level downward variance in recognition of the disparity

2

between crack and powder cocaine, yielding a guidelines range of 84 to 105 months, and sentenced him to 105 months of imprisonment. This timely appeal followed, challenging Anthony's conviction on several grounds and seeking to set aside his sentence.[1]

Anthony submits that his conviction should be set aside because of a *Batson* violation. *See Batson v. Kentucky*, 467 U.S. 79, 98-99 (1986). The record demonstrates that while the parties were exercising their peremptory challenges, the defense asked the government to state its race-neutral reason for striking one of the two African-American venirepersons. Before the District Court could even address whether Anthony had established a prima facie case of purposeful discrimination, the government cited the individual's employment and its inability to determine whether he had any connection with activity that had been the subject of both state and federal investigations over the past two years. Although the defendant bears the burden of demonstrating that the government's action constituted purposeful discrimination, *id.* at 93, defense counsel neither challenged the government's reason nor presented to the District Court any argument that it should reject the government's strike.

Before us Anthony submits that the government's reason was insufficient and pretextual. But he offers no discussion of the circumstances that would

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

support a finding that the government exercised its strike on account of the individual's race. Accordingly, we review for plain error and will set aside Anthony's conviction only if we conclude that the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993).

In light of the race-neutral reason offered without hesitation by the government and Anthony's failure to offer any argument to demonstrate that the reason was pretextual, we are not convinced that Anthony actually raised a *Batson* challenge that required the Court to proceed to the third step in the *Batson* analysis. Nonetheless, assuming that the Court erred by failing to engage in *Batson*'s third step, we conclude that the error did not affect Anthony's substantial rights given the circumstances before us.

Anthony contends that the District Court also erred by denying his motion to suppress the police officer's identification. "Where a motion to suppress has been denied, we review the order 'for clear error as to the underlying facts, but exercise plenary review as to its legality in the light of the court's properly found facts.'" *United States v. Brownlee*, 454 F.3d 131, 137 (3d Cir. 2006) (citation omitted).

"An identification procedure that is both (1) unnecessarily suggestive and (2) creates a substantial risk of misidentification violates due process." *Id.* (citing *Manson v. Brathwaite*, 432 U.S. 98, 107 (1977)). In *Brathwaite*, the Court acknowledged that "identifications arising from single-photograph displays may be viewed in general with suspicion." 432 U.S. at 116 (citing *Simmons v. United*

*States*, 390 U.S. 377, 383 (1968)).  The Court instructed, however, that the inquiry does not end there as "reliability is the linchpin in determining the admissibility of identification testimony . . . The factors to be considered . . . include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation.  Against these factors is to be weighed the corrupting effect of the suggestive identification itself."  *Id.* at 114 (citing *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972)).

Here, after hearing the testimony of Officer Dickerson, who purchased the crack cocaine, and Officer Paul, who conducted the surveillance video, the Court determined that Officer Dickerson's identification was sufficiently reliable given the circumstances surrounding his observations and the subsequent identification. The Court specifically noted Officer Dickerson's close attention to Anthony's physical appearance, his certainty that he had identified the correct individual, and the fact that he cited specific details regarding Anthony's features.  Our review of the record provides no basis for disturbing the District Court's determination that Officer's Dickerson's identification was admissible at trial.

According to Anthony, the District Court also erred by refusing to limit the government's cross-examination of a defense witness, Glenn Walker, who testified that Brandon had informed him while in prison that Anthony had not been

5

involved. Anthony sought to exclude reference to the fact that the conversation occurred while both were incarcerated. We review a District Court's ruling on the admissibility of evidence under Federal Rule of Evidence 403 for an abuse of discretion. *United States v. Vosburgh*, 602 F.3d 512, 537 (3d Cir. 2010). After consideration of the record, we conclude that the District Court did not abuse its discretion in concluding that the context of the conversation, which was relevant to Walker's motive and credibility, was admissible.

Additionally, Anthony challenges his conviction for knowingly distributing and possessing with the intent to distribute cocaine under Count I on the basis that the Court improperly amended the indictment by changing the alleged 50 grams of cocaine to 5 grams or more. The government asserts that the Court permissibly instructed the jury on the lesser included offense of distributing and possessing with the intent to distribute five grams of cocaine. We review de novo a claim that there was a constructive amendment of the indictment. *Id.* at 531. We agree with the government that the District Court's instruction on the lesser included offense did not constitute a constructive amendment. *United States v. Martinez*, 430 F.3d 317, 340 (6th Cir. 2005); *see also United States v. Vazquez*, 271 F.3d 93, 105 (3d Cir. 2001) (en banc); Fed. R. Crim. P. 31(c).

Finally, Anthony argues that the District Court erred at sentencing by attributing to him an additional ten grams of cocaine based on Brandon's testimony. Anthony asserts that Brandon's testimony failed to establish that he

6

gave this additional quantity of cocaine during the period of the conspiracy charged in the indictment. For that reason, Anthony submits that the District Court erred by including the ten grams of cocaine base in the computation of the drug quantity for purposes of sentencing.

Anthony's argument challenges the District Court's calculation of his sentencing guidelines range. Because this raises a contention of procedural error, we review for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). In *Tomko*, we noted that "an abuse of discretion has occurred if a district court based its decision on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id.* at 568. We have carefully reviewed the record before us and we reject Anthony's contention of error. After considering Brandon's trial testimony and the testimony of the agent from the Federal Bureau of Investigation about his meeting with Brandon, the District Court concluded that the ten grams Anthony received was not for personal use, but "was going to be used for sale or distribution." Thus, it was appropriately included in the drug quantity calculation as uncharged conduct that was part of the same course of conduct as the offense of conviction. *See Jansen v. United States*, 369 F.3d 237, 249-50 (3d Cir. 2004) (concluding that drugs possessed for personal use should not be included in computation of drug quantity for offense of possessing with the intent to distribute). The fact that Anthony's receipt of the cocaine preceded the timeframe alleged in the indictment did not preclude the Court from

considering it. *United States v. Stephens*, 198 F.3d 389, 390-91 (3d Cir. 1999) (noting that Sentencing Reform Act does not place any limitations on the information a sentencing court may consider (citing 18 U.S.C. § 3661)), *see also Witte v. United States*, 515 U.S. 389, 399, 403 (1995) (concluding that consideration at sentencing of uncharged criminal conduct did not offend the Double Jeopardy Clause and was permissible under the sentencing guidelines).

For the above reasons, we will affirm the judgment of the District Court.