United States Court of Appeals, Eleventh Circuit.

No. 95-6775

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Jacob Shames BEHR, Defendant-Appellant.

Sept. 5, 1996.

Appeal from the United States District Court for the Middle District of Alabama. (No. CR-93-238-S), Ira De Ment, Judge.

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Jacob Behr was convicted after a guilty plea of one count of wire fraud in violation of 18 U.S.C.A. § 1343. He appeals the 24-month sentence of imprisonment he received as a result of that conviction.

I.

The conduct underlying the offense of conviction began when the Sheridans, the victims, gave Behr a check for approximately $12,000 to fund a pension fund. Behr was an insurance agent for Northwest Mutual Life Insurance Company (Northwest). Behr illegally deposited the check into his district agent account for his personal use. To hide his fraud, Behr used Northwest's computer system to change the Sheridans' address of record to an address very similar to his office address, thereby allowing him to intercept any correspondence sent to the Sheridans by Northwest. In addition, he submitted to the Sheridans false statements of their account.

In the course of Northwest's internal investigation into

Behr's conduct, the company found that Behr's overall activities involving thefts, verbal misrepresentations, and unauthorized withdrawals from clients' accounts, resulted in a loss to Northwest of over $300,000. This amount was in addition to a $12 million punitive damages award that Northwest paid to the Sheridans due to Behr's conduct.

The probation officer noted that the loss involved in the offense of conviction was about $12,000. He recommended, however, that pursuant to U.S.S.G. § 1B1.3(a)(2) the district court consider Northwest's loss of over $300,000 as relevant conduct. Thus, the probation officer recommended that the district court increase Behr's offense level by eight levels. *See* U.S.S.G. § 2F1.1(b)(1)(I).

At the sentencing hearing, Behr admitted to all the facts contained in the PSI, including the probation officer's description of his relevant conduct. He argued, however, that the court should not consider his relevant conduct in its sentence because (1) the statute of limitations period had expired on the $300,000 of losses incurred by Northwest, (2) the government failed to give notice that the PSI would enhance Behr's sentence based on Behr's relevant conduct, and (3) the court's use of the relevant conduct to enhance his sentence would deny him due process protection.

II.

On appeal, Behr argues that it was inappropriate for the government to use relevant conduct to enhance Behr's sentence when (1) the statute of limitations period had expired on the relevant conduct in question, and (2) Behr had never entered a guilty plea

on this uncharged relevant conduct. As was the case in the district court, Behr fails to specify in this Court what statute of limitations period the Court violated by its use of Northwest's $300,000 in losses as relevant conduct. In addition, Behr argues that the government has a duty to advise a defendant that the Court could use relevant conduct to enhance his sentence, because without such disclosure, the government deprives a defendant of his right to effective assistance of counsel. Behr does not argue that the $300,000 in losses that Northwest incurred because of his activities is not relevant conduct to the offense of conviction.

## III.

This Court reviews the sentencing court's findings of fact for clear error and reviews the application of the Sentencing Guidelines to the facts *de novo*. *United States v. Jennings*, 991 F.2d 725, 732 (11th Cir.1993).

## IV.

Behr argues that the district court erred in considering the $300,000 in losses relevant conduct (1) for which an unspecified statute of limitations period had expired, and (2) for which Behr had never entered a guilty plea.

This Court broadly interprets the provisions of the relevant conduct guideline. *See United States v. Ignancio Munio,* 909 F.2d 436, 438-39 (11th Cir.1990) (district court may evaluate relevant conduct not included in the indictment for purpose of sentencing), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1393, 113 L.Ed.2d 449 (1991). Even assuming that the $300,000 in losses to Northwest did occur outside some relevant statute of limitations, although this Court

has not previously addressed the issue the five Circuits that have have all held that the district court may consider criminal conduct that occurred outside of the statute of limitations period as relevant conduct for sentencing purposes. *See United States v. Silkowski,* 32 F.3d 682, 688 (2nd Cir.1994); *United States v. Lokey,* 945 F.2d 825, 840 (5th Cir.1991); *United States v. Pierce,* 17 F.3d 146, 150 (6th Cir.1994); *United States v. Neighbors,* 23 F.3d 306, 311 (10th Cir.1994); *United States v. Wishnefsky,* 7 F.3d 254, 256-57 (D.C.Cir.1993). Accordingly, based on this persuasive authority, we reject Behr's contrary argument.

V.

Behr also argues that the government has a duty to advise a defendant before he pleads guilty which relevant conduct the Court will use to enhance his sentence. He argues that without such disclosure, the government deprives a defendant of his right to effective assistance of counsel because counsel cannot apprise his client of the duration of his possible sentence.

As noted by the district court, the relevant conduct that eventually gets considered in the PSI is unknown to both the government and the defendant when a plea is entered, because the probation officer has not prepared the PSI at that time. The government does not have a duty to disclose information it does not possess. In addition, Behr did not raise this theory in the district court, and for that reason he is precluded from raising it on appeal. *See Narey v. Dean,* 32 F.3d 1521, 1526 (11th Cir.1994) ("appellate courts generally will not consider an issue or theory that was not raised in the district court.").

VI.

Behr's sentence is AFFIRMED.