[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 24, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12623
Non-Argument Calendar

_____

D. C. Docket No. 06-60353-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WOODY SENAT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 24, 2008)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Woody Senat appeals his 115-month sentence for possession of a firearm by

a felon, in violation of 18 U.S.C. § 922(g)(1). When Senat was arrested on this charge, a search of his car revealed a 9 mm pistol loaded with 17 rounds of ammunition in a hidden, cut-out compartment in the back seat. Senat was acquitted of a second charge which arose out of a traffic stop in which two shotguns were found in the trunk of Senat's car. At sentencing, the district court applied a two-level increase for an offense involving three to seven firearms, despite Senat's acquittal on the charge pertaining to the two shotguns. The court also applied a two-level increase for an offense involving a stolen firearm.

On appeal, Senat first argues that the district court's application of the enhancement for the number of firearms was erroneous because the district court did not explicitly find, and the government did not prove, by a preponderance of the evidence, that he possessed two of the three firearms, and, even assuming that the government proved possession of the shotguns, that possession was acquitted conduct that was not relevant to the offense of conviction. Second, Senat argues that the district court erroneously applied an increase based on the unsupported finding that the firearm was stolen. He notes that, while the government stated, at a bench conference during the trial, that both the shotguns and the pistol were stolen, it never presented any evidence to support the claim, even after he objected at sentencing on the basis of lack of proof at trial. The government concedes error

2

on this issue.

**I.**

We review a district court's factual findings for clear error and its application of the guidelines to those facts de novo. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006). Specific offense characteristic § 2K2.1(b)(1)(A) requires a two-level increase for an offense involving between three and seven firearms. U.S.S.G. § 2K2.1(b)(1)(A). Once a defendant challenges a presentence investigation report ("PSI") statement, the government bears the burden of proving the statement by a preponderance of the evidence, and, if used in guideline calculations, the district court must make an explicit factual finding as to the allegation. United States v. Lawrence, 47 F.3d 1559, 1566-67 (11th Cir. 1995).

In considering relevant conduct, the court must consider, inter alia, "all acts and omissions committed . . . or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). The commentary to § 1B1.3 states that offenses may:

> qualify as part of the same course of conduct if they are sufficiently
> connected or related to each other as to warrant the conclusion that
> they are part of a single episode, spree, or ongoing series of offenses.
> Factors that are appropriate to the determinations of whether offenses

are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses. When one of the above factors is absent, a stronger presence of at least one of the other factors is required.

Id. cmt. (n.9(B)). We broadly interpret the provisions of the relevant conduct guideline. United States v. Behr, 93 F.3d 764, 765 (11th Cir. 1996). In determining relevant conduct, the district court may consider both uncharged and acquitted conduct. United States v. Hamaker, 455 F.3d 1316, 1336 (11th Cir. 2006). Under our precedent, "nothing in Booker[1] prohibits the courts from considering relevant conduct when the Sentencing Guidelines are applied as advisory." United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006).

Upon review of the record, and upon consideration of the briefs, we discern no reversible error as to this issue. Despite the fact that Senat was acquitted of the count charging him with possession of two shotguns, because he was convicted of possessing a pistol, and a preponderance of the evidence supported the finding that he possessed the shotguns, we affirm the district court's application of a two-level increase for possessing three to seven firearms.

## II.

We review a district court's application of the guidelines to the facts de

---

[1]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

novo.  <u>Kinard</u>, 472 F.3d at 1297 n.3.  "[O]nce the court of appeals has decided that the district court misapplied the Guidelines, a remand is appropriate unless the reviewing court concludes, on the record as a whole, that the error was harmless, <u>i.e.</u>, that the error did not affect the district court's selection of the sentence imposed."  <u>Williams v. United States</u>, 503 U.S. 193, 203-04, 112 S.Ct. 1112, 1120-21, 117 L.Ed.2d 341 (1192).

As the government concedes, the district court improperly applied a two-level enhancement based on the assumption, without any evidence presented by the government, that the pistol was stolen, we vacate Senat's sentence and remand for resentencing without this enhancement.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**