[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14975
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 12, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00048-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIECE SIMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 12, 2008)

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Mariece Sims appeals his 28-year sentence for kidnaping and transporting a minor across state lines for purposes of prostitution, sex trafficking of children by force or coercion, transporting a minor across state lines for purposes of prostitution or sexual activity, transporting a person across state lines for prostitution or sexual activity, and coercion of a person to travel across state lines for purposes of prostitution or sexual activity. On appeal, Sims argues his sentence is unreasonable because the district court failed to adequately consider the § 3553(a) factors. Sims contends, for the first time on appeal, the district court erred in considering acquitted conduct at his resentencing hearing.[1]

We review the final sentence imposed by the district court for reasonableness. *United States v. Agbai*, 497 F.3d 1226, 1229 (11th Cir. 2007). The Supreme Court recently clarified that the reasonableness standard is synonymous with the abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). Specifically, the district court must impose a sentence that is

---

[1]At the initial sentencing, the district court imposed a sentence of life imprisonment, stating "the court does have to give you a life sentence in this case so that is what I'm going to do." The court further stated, "[i]f I had a choice, I might not give you a life sentence. But I have to do it under the guidelines." Sims filed a direct appeal. In *United States v. Sims*, 161 Fed. Appx. 849 (11th Cir. 2006), this Court held that, in light of *United States v. Booker*, 125 S. Ct. 738 (2005), the district court erred because it treated the guidelines as mandatory and, thus, Sims's substantial rights were affected. *Sims*, 161 Fed. Appx. at 853. Accordingly, this Court vacated Sims's life sentence and remanded his case for resentencing. *Id.*

both procedurally and substantively reasonable. *See United States v. Hunt*, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Gall*, 128 S. Ct. at 597. If the sentencing court's decision was procedurally sound, then we should "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Ordinarily, we could expect a sentence within the guideline range to be reasonable, though such an expectation still has to be measured against the record. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We have stressed that the district court need not provide a lengthy explanation when imposing a within-guidelines sentence as long as the record established that the district court considered the § 3553(a) factors and the parties' arguments. *Agbai*, 497 F.3d at 1230. The district court must consider the following § 3553(a) factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need

to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)). Furthermore, in considering the guideline factors, the district court need not discuss each of them individually. *Id.* Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under *Booker*." *Id.* The party challenging the sentence bears the burden of establishing that it is unreasonable in light of the record and the § 3553(a) factors. *Id.* at 788.

Finally, when reviewing the sentence imposed by the district court for reasonableness, "we consider the final sentence, in its entirety, in light of the § 3553(a) factors." *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (internal quotations and citations omitted). Furthermore,"[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and "[w]e will not substitute our judgment in weighing the relevant factors because our review is not *de novo*." *United States v. Williams*, 456

4

F.3d 1353, 1363 (11th Cir. 2006) (internal citations and quotations omitted), *abrogated on other grounds by Kimbrough v. United States*, 128 S. Ct. 558 (2007).

The district court imposed a procedurally reasonable sentence on Sims. *See Hunt*, 459 F.3d at 1182 n.3; *Gall*, 128 S. Ct. at 597. Other than the Government's objection for obstruction of justice, neither Sims nor the Government objected to the guideline calculations before the district court. The sentence imposed falls within the statutory range of 20 years to life imprisonment, and nothing in the record indicates that the district court treated the Guidelines as mandatory. To the contrary, Sims was back before the court for resentencing because the district court erred in treating the Guidelines as mandatory when it sentencing him to life in prison at his first sentencing hearing. While the district court never stated that it had considered the § 3553(a) factors on resentencing, the record demonstrates that the district court considered the § 3553(a) factors when it determined that 28 years' imprisonment was a reasonable sentence for Sims.

Sims's argument that he and codefendant Dwayne Thigpen should have, pursuant to § 3553(a)(6), received similar sentences is without merit. Section 18 U.S.C. § 3553(a)(6) provides "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). The record in this case shows that Thigpen

5

pled guilty to one count, while Sims chose to take his case to trial. At trial, Sims was found guilty of five counts. Thus Sims and Thigpen are not defendants who have been found guilty of similar conduct. Furthermore, we have held that "[d]isparity between the sentences imposed on codefendants is generally not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

Sims's sentence is also substantively reasonable. According to the evidence produced at trial, Sims took Owens, a 16 year-old-girl, from her home in El Dorado, Arkansas to Mississippi where he and his codefendant raped her. In addition, while in Mississippi, Sims took Owens to a truck stop, put her out of the car, and told her to "sell [her]body" and when Owens returned without money, Sims slapped her in the face and hit her. Sims eventually took Owens to Atlanta and forced her to repeatedly prostitute herself and to give Sims the money, and Sims threatened Owens and physically harmed her when she tried to escape from him or defied his orders. The record demonstrates that the district court had considered the nature and circumstances of the offense, the seriousness of the offense, the characteristics of the defendant, and the need to protect society from future harm. Furthermore, the district court imposed a sentence that was well below the statutory maximum. The statutory maximum penalty for Count 1 was

6

life.  18 U.S.C. § 1201.  Sims's total sentence of 28 years' imprisonment is far less than the statutory maximum he could have received.  We have found sentences significantly lower than the statutory maximum to be reasonable.  *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (relying on the fact that a 42-month sentence was far below the statutory maximum as a sign of reasonableness).  Nothing in the record undermines our ordinary expectation of reasonableness for a within-guideline-range sentence, and Sims has not established that his sentence is unreasonable in light of the record and the § 3553(a) factors.  *See Talley*, 431 F.3d at 788.

We now turn to whether the district court erred in considering acquitted conduct at Sims's resentencing hearing.  Ordinarily, we review a district court's factual findings for clear error and its application of the Guidelines to those facts *de novo*.  *United States v. Kinard*, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).  However, we review objections to sentencing issues raised for the first time on appeal for plain error. *See United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999).  To prevail under this standard, Sims must show "(1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005) (internal quotations and citations omitted).  "If all three conditions are met, an appellate court may then exercise its discretion to

7

notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation and citation omitted).

Under the advisory Sentencing Guidelines, district courts may consider "not merely the charged conduct, but rather all 'relevant conduct,' in calculating a defendant's offense level." *United States v. Hamaker*, 455 F.3d 1316, 1336 (11th Cir. 2006). Relevant conduct includes "both uncharged and acquitted conduct" and even conduct that takes place outside of a relevant statute of limitations period. *Id.* (citing *United States v. Behr*, 93 F.3d 764, 765-66 (11th Cir. 1996)). A district court's determination of relevant conduct is governed by the preponderance of the evidence standard rather than the more demanding standard of proof beyond a reasonable doubt. *United States v. Hristov*, 466 F.3d 949, 954 n.6 (11th Cir. 2006).

Our long-standing precedent directs that "[r]elevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997). The Supreme Court explained, in *United States v. Watts*, 117 S. Ct. 633, 636 (1997), that "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his

8

sentence because of the manner in which he committed the crime of conviction."

Therefore, "consideration of information about the defendant's character and

conduct at sentencing does not result in 'punishment' for any offense other than the

one of which the defendant was convicted." *Id.* (quotation omitted). In *United*

*States v. Booker*, 125 S. Ct. 738, 756 (2005), the Supreme Court held that a jury

must determine beyond a reasonable doubt any fact that increases the sentence of a

defendant over the high end of the Guidelines range. However, we have held that

*Booker* does not prohibit courts from considering relevant acquitted conduct in an

advisory guidelines system as long as a court does not impose a sentence that

exceeds what is authorized by the jury verdict. *United States v. Duncan*, 400 F.3d

1297, 1304-05 (11th Cir. 2005). Finally, we have held that precedent set by its

panels binds all subsequent panels and can only be overruled by the Supreme Court

or this Court sitting *en banc*. *United States v. Estupinan*, 453 F.3d 1336, 1339

(11th Cir. 2006), *cert. denied*, 127 S.Ct. 1486 (2007).

The resolution of this issue is determined by our holding in *Duncan*, 400

F.3d at 1304-05, that acquitted conduct can serve as the basis for a sentence

enhancement in an advisory guidelines system if the conduct is proven by a

preponderance of the evidence. Because our precedent holds that it is not error for

the district court to consider acquitted conduct at sentencing and to do so does not

violate the Sixth Amendment to the United States Constitution, the district court did not plainly err when it considered same. *See id.*

Upon careful review of the record on appeal and consideration of the parties' briefs, we affirm.

**AFFIRMED**.