[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2010
JOHN LEY
CLERK

No. 08-16698
Non-Argument Calendar

_____

D. C. Docket No. 08-60054-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EARL R. WOLFE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 24, 2010)

Before TJOFLAT, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

In a seven-count indictment, Earl R. Wolfe and two others were charged, in

Count One, with conspiracy to defraud the United States by obstructing the IRS's collection of income tax revenues, in violation of 18 U.S.C. § 371, and Wolfe was charged in Counts Two through Seven with filing false tax returns, in violation of 26 U.S.C. § 7206(1). At trial, a jury found him guilty on all counts. The district court then sentenced him to concurrent prison terms of 54 months on Count One and 36 months on Counts Two through Seven. He now appeals his sentences, contending that the district court, in determining the appropriate sentence range under the Sentencing Guidelines, erred in increasing the base offense level by two levels pursuant to U.S.S.G. § 3B1.1(c) because he played an aggravating role in the criminal activity. He also contends that the court failed to calculate correctly the amount of his tax liability, and that his combined sentences are unreasonable. We affirm.

Wolfe was charged with conspiring to defraud the United States with Linda Edell and Lawrence Legel from 1992 until the date of the indictment in 2008 "by utilizing sham corporate entities, nominee bank accounts, and other surreptitious means to conceal the business income and assets of defendant Wolfe from the [IRS]." While Edell and Legel pleaded guilty, Wolfe pleaded not guilty and proceeded to a trial at which he represented himself. At Wolfe's jury trial, Randolph James, Wolfe's former CPA, testified about Wolfe's prior problems with

2

the IRS and his decision to "exit" the tax system. Other witnesses testified that Wolfe, a provider of architectural services, created sham entities such as Penta Trust, Sun Blest Designs, Inc., Domicile Creators Service Ministry, and Promethian Construction, Inc., and he instructed his business clients to make checks payable to these entities. With the help of Edell and Legel, Wolfe cashed the checks at a check cashing store. Wolfe failed to file a tax return after 1990 despite earning significant income.

## I. Aggravating Role Enhancement under U.S.S.G. § 3B1.1(c)

On appeal, Wolfe argues that the district court erred in assessing a two-level aggravating role enhancement. He contends that the enhancement was erroneous because he did not recruit, supervise, lead, or manage Legel in joint criminal activity, and Edell acted on her own accord. With respect to Edell, Wolfe maintains that she was equally culpable because she: (1) endorsed checks made out to corporate entities at the check cashing store; (2) owned one of Wolfe's vehicles; (3) owned property that she deeded to the Ministry; and (4) signed a tax return for Penta. Similarly, Legel's actions were commensurate with Wolfe's involvement because Legel: (1) was the registered agent and a director of Promethian; (2) was the registered agent for Sun Blest; (3) wrote a letter of authorization to allow Wolfe to negotiate checks made out to Sun Blest; and (4) filed tax returns for Sun Blest.

3

Therefore, Wolfe asserts that he did not direct anyone to engage in criminal activity, and he should not have received a leadership enhancement with respect to Edell or Legel because there was insufficient evidence to support the conclusion that he directed anyone. Moreover, Wolfe argues that the Government failed to meet its burden to support the leadership enhancement because it did not produce any direct evidence.

"We review the district court's determination of a convicted defendant's role in the offense as a question of fact subject to a clearly erroneous standard of review." *United States v. Mesa*, 247 F.3d 1165, 1168 (11th Cir. 2001). The application of the Sentencing Guidelines is reviewed *de novo*. *Id.* The Sentencing Guidelines provide for an enhanced offense level for a defendant who had an aggravating role in the offense. U.S.S.G. § 3B1.1. Sections 3B1.1(a) and (b) provide:

> Based on defendant's role in the offense, increase the offense level as follows: (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels. (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

U.S.S.G. § 3B1.1(a), (b). A two-level enhancement may be applied if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity

4

other than described in (a) or (b)." U.S.S.G. § 3B1.1(c). The Guidelines also provide that "[t]o qualify for an adjustment [under § 3B1.1], the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." U.S.S.G. § 3B1.1, comment. (n.2). Moreover, a "participant" is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, comment. (n.1). "The government bears the burden of proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003). "The assertion of control or influence over only one individual is sufficient to support the role enhancement." *United States v. Mandhai*, 375 F.3d 1243, 1248 (11th Cir. 2004).

Here, the district court did not clearly err in assessing the two-level aggravating leadership role enhancement because Wolfe asserted control and influence over Edell and Legel in carrying out the conspiracy to defraud the United States.

## II. Calculation of Tax Liability

Next, Wolfe argues that he should not be responsible for the tax liability for the year 1998 that was included in the loss calculation because it was barred by the six-year statute of limitations under 26 U.S.C. § 6531 for tax conspiracies. Wolfe

5

maintains that the 1998 tax loss was predicated on his failure to file an income tax return for that year and was not within the ambit of the conspiracy count. Moreover, he argues that because the 1998 tax liability was not introduced at trial, the district court was constitutionally barred from including it in the loss calculation at the sentencing hearing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

A sentencing court's interpretation and application of the Guidelines is reviewed *de novo*. *United States v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997). We "review the district court's loss determination for clear error." *United States v. Renick*, 273 F.3d 1009, 1025 (11th Cir. 2001). Under 26 U.S.C. § 6531, the period of limitation on criminal prosecutions "for offenses involving the defrauding [of] . . . the United States, whether by conspiracy or not, and in any manner" is six years. 26 U.S.C. § 6531(1). However, the district court "may consider criminal conduct that occurred outside of the statute of limitations period as relevant conduct for sentencing purposes." *United States v. Behr*, 93 F.3d 764, 766 (11th Cir. 1996). Moreover, we "have concluded that a sentencing court does not err when it enhances a sentence under an advisory guidelines scheme based on facts found by a preponderance of the evidence." *United States v. Woodard*, 459 F.3d 1078, 1088 n.9 (11th Cir. 2006) (holding that the district court did not err under

6

*United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), when it based the defendant's sentence on a loss amount that was not admitted by the defendant or determined by the jury).

Tax loss, for purposes of § 2T1.1, is "the total amount of loss that was the object of the offense (*i.e.*, the loss that would have resulted had the offense been successfully completed)." U.S.S.G. § 2T1.1(c)(1). "In determining the total tax loss attributable to the offense (see § 1B1.3(a)(2)), all conduct violating the tax laws should be considered as part of the same course of conduct or common scheme or plan unless the evidence demonstrates that the conduct is clearly unrelated." U.S.S.G. § 2T1.1, comment. (n.2).

In this case, the district court did not err in calculating the amount of tax loss. The tax loss for 1998, *i.e.*, $32,735, was properly included in the computation because it fell within Wolfe's conspiracy to defraud the United States from 1992 to 2008. The district court was permitted to consider this relevant conduct in fashioning Wolfe's sentence regardless of the statute of limitations proscription and did not err under *Booker* because it considered the Guidelines advisory.

## III. The reasonableness of Wolfe's Sentence

Wolfe also challenges the substantive reasonableness of his combined sentences. Specifically, Wolfe argues that his imprisonment for a total of 54

7

months is unreasonable when compared to the probationary sentences imposed on his codefendants. He asserts that the sentencing factors of 18 U.S.C. § 3553(a), in particular his lack of prior criminal history and his "otherwise exemplary life," counseled that he receive a lower term of imprisonment

We normally review a final sentence for reasonableness according to the factors under § 3553(a). *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005). Where the defendant has failed to raise the issue below, however, we typically review only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). "An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

In considering the reasonableness of a sentence, we employ an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Where the district court imposes a sentence within the Guidelines, it need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising [its] own

8

legal decision making authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). In holding a particular sentence to be reasonable, we have noted it was appreciably below the statutory maximum. *United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006). The challenger "bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The district court need not state that it has explicitly considered each factor and need not discuss each factor. *Id.* at 786. The weight accorded to the § 3553(a) factors is left to the district court's discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The district court did not abuse its discretion, and therefore could not have committed plain error, in sentencing Wolfe to a total of 54 months' imprisonment when his codefendants received probationary sentences because they pled guilty while he proceeded to a jury trial. His sentences are, accordingly,

AFFIRMED.