[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12913
_____

D.C. Docket No. 3:09-cr-00321-MMH-TEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE TOWNSEND,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 10, 2013)

Before PRYOR, JORDAN and KLEINFELD,[*] Circuit Judges.

_____

[*] The Honorable Andrew J. Kleinfeld, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

Tyrone Townsend was convicted in a jury trial of five counts related to trafficking two women – C.B. and L.F.: (1) trafficking C.B. in violation of 18 U.S.C. § 1591(a); (2) trafficking L.F. in violation of 18 U.S.C. § 1591(a); (3) knowingly transporting C.B. and L.F. in interstate commerce with the intent that they engage in prostitution in violation of 18 U.S.C. § 2421; (4) knowingly inducing, enticing and coercing L.F. to travel in interstate commerce with the intent that she engage in prostitution in violation of 18 U.S.C. § 2422(a); and (5) conspiracy in violation of 18 U.S.C. § 371.   He was sentenced to 320 months imprisonment and 10 years supervised release.

On appeal, Townsend argues (1) that there was insufficient evidence to convict him of counts 1, 2, and 4; (2) that his conviction under count 4 must also be reversed because the count 4 indictment does not match his verdict; (3) that convicting him under 18 U.S.C. § 1591(a), 18 U.S.C. § 2421, and 18 U.S.C. § 2422(a) constituted double jeopardy; (4) that the district court abused its discretion when it allowed in evidence of a previous arrest and when it allowed the jury to see pictures of him with prostitutes; and (5) that the court erred by applying

2

an enhancement for physical restraint under U.S.S.G. § 3A1.3.

## I.  Sufficiency of the Evidence

"In considering the sufficiency of the evidence, we regard the evidence in the light most favorable to the jury verdict, and draw all reasonable inferences and credibility determinations in favor of the Government." United States v. Ellisor, 522 F.3d 1255, 1271 (11th Cir. 2008).

### a.  Counts 1 and 2: Sex Trafficking in Violation of 18 U.S.C. § 1591(a)

18 U.S.C. § 1591(a) imposes criminal liability on
[w]hoever knowingly . . . in or affecting interstate or foreign
commerce . . . recruits, entices, harbors, transports, provides, obtains,
or maintains by any means a person . . . knowing, or in reckless
disregard of the fact, that means of force, threats of force, fraud,
coercion . . . , or any combination of such means will be used to cause
the person to engage in a commercial sex act . . . .

#### i.  Scope of 18 U.S.C. § 1591(a)

3

Townsend first argues that Congress did not intend for § 1591(a) to apply to willingly-recruited prostitutes, since the legislative history of the Trafficking Victims Protection Act focuses on international sex slavery and women disproportionally affected by poverty and lack of economic opportunity in their home countries.   The statutory language is broader than this purpose.   By its plain terms, § 1591(a) criminalizes trafficking in "person[s]," not just in slaves or women from other countries.   "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute.   If the statute's meaning is plain and unambiguous, there is no need for further inquiry."   United States v. Tobin, 676 F.3d 1264, 1274 (11th Cir. 2012) (quoting United States v. Fisher, 289 F.3d 1329, 1337-38 (11th Cir. 2002)).

### ii.   Use of Force and Threats of Force

Townsend next argues that both C.B. and L.F. "recounted a relationship with Townsend that was voluntary and from which they always had opportunity to leave."   Though some evidence supported that argument, C.B. and L.F. testified to the contrary.   C.B. testified that although she voluntarily became a prostitute

4

for Townsend, she remained with him out of fear after he beat and raped her. Although she left Townsend once, she testified that she went back to him partly because she was afraid that he would find her.

L.F. testified that she sought employment as a prostitute for Townsend after seeing a help wanted advertisement he posted, but a few days after she met him, he hit her, took away her passport, phone, and other personal belongings, and told her that she would have to engage in prostitution to get her belongings back. Townsend also raped her, made her perform anilingus on him, and made her have sex with C.B. while he watched.   L.F. testified that she felt she could not run away because he had her belongings.   She testified that he had threatened her, and that she thought he would hit her again if she did not find customers.

Townsend also argues that there was insufficient evidence to show that he raped and hit C.B. and L.F. in order to make them engage in commercial sex acts. But C.B. testified that when he was raping her, he told her that he was doing so because she was not bringing in enough prostitution money.   She also said that his raping, beating, and threatening her made her engage in more commercial sex acts.   L.F. testified that Townsend threatened her, that she did not feel she was

5

able to leave him because he took her belongings, and that she engaged in prostitution when she did not want to because of Townsend's behavior towards her.   Whether to believe C.B. and L.F. was up to the jury.   We are required to resolve credibility questions favorably to the verdict.   Ellisor, 522 F.3d at 1271.

### iii.   Knowledge that Force and Threats of Force Would Be Used

Townsend also argues that because C.B. and L.F. were recruited willingly, there is insufficient evidence to show that he knew at the time he recruited them that he would use force, threats of force, or fraud to get them to engage in commercial sex acts.   The jury could infer from his prior use of force that he intended, and therefore knew, that he would use it to make them engage in commercial sex.   See United States v. Todd, 627 F.3d 329, 333-34 (9th Cir. 2010).   Additionally, the jury could reasonably conclude from the evidence that Townsend was using force and threats of force to make C.B. and L.F. engage in commercial sex when he was harboring and maintaining them after their initial recruitment.   There was therefore sufficient evidence to find Townsend guilty of counts 1 and 2.

6

b.  **Count 4: Violation of 18 U.S.C. § 2422(a)**

Townsend argues that there was insufficient evidence to convict him of violating 18 U.S.C. § 2422(a) by knowingly inducing, enticing, or coercing L.F. to travel in interstate commerce with the intent that she engage in prostitution.   L.F. testified that she voluntarily traveled to Virginia in order to become Townsend's prostitute.   However, she testified that he took her to Florida so that she could engage in commercial sex acts, and that she traveled with him because she was afraid that if she refused he would hit her and keep her passport and other belongings.   Her testimony was sufficient for a jury to convict Townsend of violating § 2422(a).

## II.   Differences Between Townsend's Count 4 Indictment and his Verdict Form

Count 4 of Townsend's indictment charged him with knowingly inducing both C.B. and L.F. to travel in interstate commerce with the intent that they engage in prostitution.   Section § 2422(a) provides:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution . . . shall be fined under this title or imprisoned not more than 20 years, or both.

7

Townsend's counsel objected to a proposed instruction saying that the jury could find Townsend guilty of violating § 2422(a) if it found that Townsend knowingly induced C.B. *and/or* L.F.   He argued that the instruction should say C.B. *and* L.F., so that it matched the charging document.   The government responded that they had charged Townsend with one count instead of two because of Bell v. United States, 349 U.S. 81 (1955), which held that the transportation of two women on the same trip in the same car for purposes of prostitution is a single crime.   After reviewing Bell, Townsend's counsel agreed that it would have been inappropriate for the government to have charged Townsend with two separate counts.   He asked that the verdict form be written so that the jury could specify which woman, if any, they found Townsend guilty of inducing.   The court and government agreed.   The jury found Townsend guilty of transporting L.F., but not C.B., in violation of § 2422(a).

Townsend now argues that his count 4 conviction should be reversed because his indictment does not match his verdict.   However, "where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means. . . "   United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000).   Moreover, we reverse a

8

conviction based on a variance between the charged crime and the proved crime only if the variance was material and substantially prejudiced the defendant. United States v. Lander, 668 F.3d 1289, 1295 (11th Cir. 2012).   There was no prejudice here, since Townsend was guilty of violating § 2422(a) regardless of whether he induced both C.B. and L.F. or just induced L.F.

## III.   Double Jeopardy

Townsend did not object on double jeopardy grounds below, so we review for plain error. United States v. Lewis, 492 F.3d 1219, 1221-22 (11th Cir. 2007) (en banc).   Townsend argues that if we do not find plain error, we should find per se ineffective assistance of counsel.

Townsend argues that count 3 (violating § 2421 by knowingly transporting C.B. and L.F. in interstate commerce with the intent that they engage in prostitution), is subsumed within counts 1 and 2 (trafficking C.B. and L.F. in violation of § 1591(a)), and count 4 (violating §2422(a) by knowingly inducing, enticing, and coercing C.B. and L.F. to travel in interstate commerce with the intent that they engage in prostitution).   Both Townsend and the government

9

agree that the test in Blockburger v. United States, 284 U.S. 299 (1932) applies, and that there is no double jeopardy so long as each offense requires proof of an element that the other does not.   United States v. Hassoun, 476 F.3d 1181, 1186 (11th Cir. 2007).

Counts 3 and 4 have different elements.   Count 3 requires knowing transportation, whereas count 4 requires that the defendant have knowingly induced, enticed, or coerced a person to travel.   See Wagner v. United States, 171 F.2d 354, 364 (5th Cir. 1948); United States v. Williams, 291 F.3d 1180, 1187 (9th Cir. 2002), overruled on other grounds by United States v. Gonzales, 506 F.3d 940 (9th Cir. 2007) (en banc).   Thus count 3 is not a lesser included offense of count 4.

Counts 1 and 2 (sex trafficking) require that the defendant know or recklessly disregard the fact that means of force, threats of force, fraud, coercion or a combination of the above will be used to cause a person to engage in commercial sex acts.   18 U.S.C. § 1591(a).   Count 3 (transportation) does not require knowledge or disregard of the fact that force, fraud, or coercion may be used.   18 U.S.C. § 2421.   Count 3 is not a lesser-included offense of the sex

trafficking counts because count 3 requires intent that the victim engage in prostitution or other illegal sex acts, whereas the trafficking counts require only knowledge or reckless disregard of the fact that a victim will be caused to engage in commercial sex.   "Thus, for example, if a sex trafficker arranged for a . . . victim to be transported to a pimp in another state, the trafficker might *know* that the victim would be caused to engage in a commercial sex act without actually having any specific intent that the victim do so.   In that case, the sex trafficker could be convicted of violating § 1591(a), but not [the transport offense]." United States v. Brooks, 610 F.3d 1186, 1195 (9th Cir. 2010).   Count 3 (transporting) is not a lesser-included offense of counts 1 and 2 (sex trafficking), and Townsend was not subjected to double jeopardy.   See Blockburger, 284 U.S. at 304.   Because it was not error to charge Townsend with counts 1 through 4, failing to make a double jeopardy argument below was not per se ineffective assistance.

## IV.   Photographs of Townsend

We review evidentiary rulings for abuse of discretion.   United States v. Docampo, 573 F.3d 1091, 1096 (11th Cir. 2009).   The district court admitted into

11

evidence two photographs of Townsend flanked by scantily-clad women in provocative poses.   Townsend argues that these photographs were unduly prejudicial and should have been excluded under Fed. R. Evid. 403, and that they were irrelevant and thus should not have come in under Fed. R. Evid. 401.

The district court did not abuse its discretion in allowing the photographs into evidence. The photographs are not significantly prejudicial.   The women in them are clothed, and no one in them is engaging in any sexual conduct.   They had some probative value together with C.B.'s testimony regarding Townsend's use of fraud to cause her to engage in commercial sex acts in violation of 18 U.S.C. § 1591(a).

## V.   Sentencing Enhancement for Physically Restraining a Victim

We review a sentencing court's findings of fact for clear error and the application of the Sentencing Guidelines to those facts de novo.   United States v. Behr, 93 F.3d 764, 765 (11th Cir. 1996).

Under U.S.S.G. § 3A1.3, "[i]f a victim was physically restrained in the course of the offense," a two-level enhancement applies.   U.S.S.G. § 3A1.3.

12

Physical restraint, in turn, is defined as "the forcible restraint of the victim *such as* by being tied, bound, or locked up."   U.S.S.G. § 1B1.1 cmt. n.1(K) (emphasis added).   The use of the phrase "such as" indicates that the illustrations of physical restraint are not meant to be exhaustive.   See United States v. Jones, 32 F.3d 1512, 1518 (11th Cir. 1994).

Townsend forced C.B. and L.F. to engage in sexual acts with him and each other by pinning them down, pulling their hair, and forcing their heads down. C.B. testified that Townsend was about 55 pounds heavier than she was. Townsend argues that he should not have received a physical restraint enhancement because this conduct does not fall within the definition of physical restraint found in § 1B1.1.   We have held that the definition of "physically restrained" in § 1B1.1 includes the scenario where victims were held against their will, were left with no alternative but to comply with the defendant, and had no effective way of leaving.   See United States v. Vallejo, 297 F.3d 1154, 1167 (11th Cir. 2002) ("Here the co-conspirators physically restrained their victims.   [The victims] both testified that two large men grabbed them and held them against their will.   This constitutes physical restraint because the victims had no alternative but to comply and were effectively prevented from leaving . . . even if

13

only for a short time.    The fact that the victims were eventually free to leave does not mean that they were not physically restrained.").

Even where otherwise applicable, the § 3A1.3 enhancement does not apply if "unlawful restraint of a victim is an element of the offense itself." U.S.S.G. § 3A1.3 cmt. n.2.    Townsend argues that unlawful restraint of a victim is intrinsic to counts 1 and 2, his § 1591(a) sex trafficking offenses.    However, § 1591(a) requires knowledge or reckless disregard of the fact that "means of force, threats of force, fraud, coercion . . . or any combination of such means will be used . . . ."    18 U.S.C. § 1591(a).    Because the sex trafficking offenses could be accomplished without force, by means such as threats, fraud, and withholding L.F.'s passport, physical restraint was not necessarily intrinsic and an element of the offense itself.

In light of the foregoing, we affirm.

**AFFIRMED.**

14