**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1832 & 22-1833
_____

UNITED STATES OF AMERICA

v.

KWAME T. EDDINGS,
 Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Nos. 2-16-cr-00004-009; 2-21-cr-00141-001)
District Judge: Honorable Christy Criswell Wiegand
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 19, 2023
_____

Before: HARDIMAN, PORTER, and FISHER, *Circuit Judges*

(Filed: April 24, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge.*

Kwame Eddings challenges his sentence and the denials of several pretrial motions. Finding no error by the District Court, we will affirm.

**I.**

Kwame Eddings was on federal supervised release. An informant advised state police officers that Eddings was dealing drugs out of his house. The state police obtained and executed a warrant to search the home. They found powder cocaine, crack cocaine, and a mixture of heroin and fentanyl. They arrested Eddings and turned him over to the federal Drug Enforcement Agency.

A grand jury returned a one-count indictment charging Eddings with unlawful possession with the intent to distribute a substance containing crack cocaine and a substance containing heroin. Six months later, the government filed a one-count superseding indictment charging unlawful possession with the intent to distribute a substance containing crack cocaine, a substance containing cocaine, and a substance containing heroin and fentanyl.

Eddings filed several pretrial motions challenging the legality of the search, and the District Court denied them all. Having lost his defenses, Eddings decided to plead guilty without a plea agreement. During the change-of-plea hearing, Eddings argued that the superseding indictment untimely added as a basis for conviction his unlawful possession of cocaine. The government agreed. But it explained that a guilty plea on any of the substances would suffice and noted that "[c]ertainly, the powder cocaine would be relevant conduct for the purpose of the offense level." App. 186. The government,

2

Eddings, and his attorney agreed that a stipulation was sufficient and that amending the indictment was unnecessary.

The District Court sentenced Eddings to 57 months' imprisonment for unlawful possession with intent to distribute crack cocaine and a substance containing heroin and fentanyl—the bottom of the Guidelines range. It also sentenced Eddings to the statutory maximum, 24 months' imprisonment to run consecutively, for violating his supervised release.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231 because Eddings was charged with violating conditions of federal supervision by committing a new federal offense. We exercise jurisdiction under 28 U.S.C. § 1291.

## III.

As a threshold matter, Eddings, by pleading guilty unconditionally, has lost the opportunity to challenge some of the issues he presents on appeal. A claim that is not "constitutionally relevant to the defendant's conviction" does not survive an unconditional guilty plea. *United States v. Porter*, 933 F.3d 226, 229 (3d Cir. 2019). Eddings's guilty plea broke "the chain of events which ha[d] preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). His conviction is founded on his guilty plea, not evidence unconstitutionally collected and submitted to a grand jury. For this reason, he is barred from presenting those arguments.[1]

---

[1] After reviewing Eddings's arguments, we conclude that they also fail on the merits.

Eddings also asks the Court to consider arguments made in a pro se letter to the District Court. Incorporating by reference arguments made in the District Court does not satisfy the rules of appellate procedure, so we will not consider those arguments here. *Norman v. Elkin*, 860 F.3d 111, 130 (3d Cir. 2017) (citing Fed. R. App. P. 28(a)(8)).

Eddings is not barred from challenging his sentence, so we will consider his arguments about the District Court's Guidelines calculation and its consideration of the 18 U.S.C. § 3553(a) factors.

## A.

Eddings contends the District Court erred when calculating his Guidelines range. We review the interpretation and construction of the Guidelines de novo. *United States v. Kulick*, 629 F.3d 165, 168 (3d Cir. 2010). The District Court included the powder cocaine as relevant conduct when calculating the total converted drug weight and, in turn, determining a Guidelines range of 57 to 71 months' imprisonment. Without the powder cocaine, Eddings argues, his Guidelines range would be 46 to 57 months. Eddings believes the powder cocaine should not be included in the calculations because the charge for possessing powder cocaine "was dismissed/withdrawn as being time-barred." Appellant's Br. 17.

The weight of authority is against Eddings. A sentencing court "may consider, without limitation, any information concerning the . . . conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4 (citing 18 U.S.C. § 3661). That discretion extends to conduct underlying an acquitted charge, conduct outside the statute of limitations, conduct underlying dismissed counts, and uncharged conduct. *United*

4

*States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam) (acquitted conduct); *United States v. Stephens*, 198 F.3d 389, 391 (3d Cir. 1999) (statute of limitations); *United States v. Payano*, 930 F.3d 186, 197–98 (3d Cir. 2019) (dismissed counts and uncharged conduct). Eddings does not identify any law prohibiting the consideration of conduct that was charged but procedurally defaulted.

The government disputes whether it committed a procedural error by failing to charge powder cocaine in the original indictment, but we need not address that dispute. Even if the government committed the error Eddings alleges, the error would only limit its ability to convict Eddings for possessing powder cocaine; it would not require the District Court to turn a blind eye to the powder cocaine at sentencing. The District Court did not err when it considered the powder cocaine as relevant conduct when calculating Eddings's sentence.

**B.**

Eddings argues that the District Court did not properly weigh the § 3553(a) factors. We review the substantive reasonableness of a sentence for abuse of discretion. *Kulick*, 629 F.3d at 168. Eddings does not clarify whether he is appealing the sentence for unlawful possession with intent to distribute controlled substances or the sentence for violating his supervised release. The District Court did not err in either sentence.

For the unlawful possession, the District Court sentenced Eddings at the bottom of his Guidelines range, and we elect to presume that sentence was reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

5

Eddings argues that the District Court did not give rational and meaningful consideration to the sentencing factors. He points to the District Court's denial of a downward variance as proof that the District Court did not consider all of his arguments.

Contrary to Eddings's assertion that the District Court sentenced him without weighing the § 3553(a) factors, the District Court explained "that the sentence . . . imposed represents the court's considered judgment as to the appropriate sentence given all of the facts and circumstances of this particular case," including "defense counsel's remaining arguments regarding the 3553 factors." App. 266–68. The District Court heard and considered Eddings's arguments about the crack-powder disparity and conditions of incarceration during COVID-19 and "accounted for [those issues] by imposing a sentence at the low end of the guidelines range." App. 268. After reviewing the sentencing transcript, we find that the District Court did not abuse its discretion in imposing a bottom-of-the-range sentence of 57 months' imprisonment.

Nor did the District Court err when it imposed a 24-month sentence of imprisonment for Eddings's violation of his conditions of supervised release. The District Court calculated a Guidelines range of 33 to 41 months' imprisonment and correctly set that range aside because it exceeded the statutory maximum of 24 months. App. 273. Eddings provides the list of § 3553(a) factors that courts must consider. That list matches the factors identified by the District Court during the sentencing hearing. Eddings does not identify which factors the District Court did not consider, and we do not see any defect on review.

**IV.**

For these reasons, we will affirm the judgment of the District Court.